Electronically FILED by Superior Court of California, County of Los Angeles on 03/26/2021 08:48 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
Case 2:21-cv-05109-PA-SHK   Document 1-2   Filed 06/23/21   Page 1 of 11   Page ID #:45
21STCV11873
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Rupert Byrdsong

1  Ian Herzog, Esq.  [Bar No. 41396]
   HERZOG, YUHAS, EHRLICH & ARDELL
2  A Professional Corporation
3  11400 West Olympic Boulevard, Suite 1150
   Los Angeles, California 90064
4  Telephone:   (310) 458-6660
   Facsimile:    (310) 458-9065
5
6  Attorneys for Plaintiff MICHAEL SCHIFFMAN

7

8              IN THE SUPERIOR COURT OF CALIFORNIA
                    COUNTY OF LOS ANGELES
9

10 | MICHAEL SCHIFFMAN,              | CASE NO. 21STCV11873
11 |         Plaintiff,              | **COMPLAINT FOR DAMAGES and DECLARATORY RELIEF**
12 | vs.                             |
13 |                                 | 1.   **Breach of Contract**
   | THE STANDARD FIRE INSURANCE     | 2.   **Bad Faith**
14 | COMPANY; THE TRAVELERS          | 3.   **Declaratory Relief**
   | COMPANIES, INC.; RANDY KAHN;    |
15 | DOES 1 through 50, Inclusive,   | **DEMAND FOR JURY TRIAL**
16 |                                 |
   |         Defendants.             |
17

18        COMES NOW Plaintiff MICHAEL SCHIFFMAN, and allege as follows:

19
20                          **GENERAL ALLEGATIONS**

21
22        1.    Plaintiff MICHAEL SCHIFFMAN is and at all relevant times was a resident of the
23 County of Los Angeles, State of California.

24        2.    Defendant THE STANDARD FIRE INSURANCE COMPANY (hereafter
25 "STANDARD") is a corporation or other business entity engaged in the insurance business and doing
26 business in the County of Los Angeles, State of California.
27
28        3.    Defendant THE TRAVELERS COMPANIES, INC. (hereafter "TRAVELERS")

- 1 -

**COMPLAINT FOR DAMAGES and DECLARATORY RELIEF; DEMAND FOR JURY TRIAL**

is a corporation or other business entity engaged in the insurance business and doing business in the County of Los Angeles, State of California.

4. Defendant RANDY KAHN (hereafter KAHN) is and at all relevant times was a resident of the County of Los Angeles, State of California, engaged in business as an art dealer and doing business as Randy Alan Kahn Fine Art in the County of Los Angeles, State of California.

5. The full extent of the facts linking the fictitiously designated defendants with this action are unknown to Plaintiff, or the true names or capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of defendants DOES l through 50 are unknown to Plaintiff. Plaintiff therefore sues said defendants by such fictitious names. Plaintiff is informed, believes, and thereon alleges that each of the defendants designated herein as a DOE is negligently, wantonly, recklessly, tortiously, and unlawfully responsible in some manner for the events and happenings herein referred to and negligently, wantonly, recklessly, tortiously, and unlawfully proximately caused injury and damages to Plaintiff as herein alleged. Plaintiff will ask leave of Court to amend this Complaint to show said defendants' true names and capacities after the same have been ascertained.

6. Plaintiff is informed and believes and thereupon alleges that at all times relevant defendants, including DOES 1 through 50 inclusive, and each of them, were the agents, servants, employees and/or joint venturers of their co-defendants, and each was, as such, acting within the course, scope and authority of said agency, employment and/or venture, and that each and every defendant aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other defendant as agent, employee and/or joint venturer.

7. In or about 2012, defendants STANDARD and TRAVELERS issued a Personal Articles Policy of Insurance to Plaintiff, Policy No. 932853647-700-7, insuring Plaintiff's art works, among other personal assets. That Policy has remained in effect from 2012 to the present date, and Plaintiff has

**COMPLAINT FOR DAMAGES and DECLARATORY RELIEF; DEMAND FOR JURY TRIAL**

timely paid all premiums due under the Policy.

8.  In or about November 2014 and during a period of approximately six months thereafter, Plaintiff purchased a number of African tribal art pieces from KAHN, based on KAHN'S representation as to the authenticity and value of such pieces, that the market for African tribal art was strong and rising, and that the pieces could be resold at a profit in the near future. During the following three years, KAHN held these pieces in his possession and exhibited them to various potential buyers, but received no offers.

9.  In or about October 2017, Plaintiff asked KAHN to return possession of the pieces to Plaintiff. In November 2017, Plaintiff added the pieces to his personal articles policy. The request to add the pieces to the policy coverage included appraisals from KAHN for three pieces, including a Yombe (or Baule) mask (appraised at $160,000), a Yombe seated maternity figure (appraised at $120,000) and a Dan figure (appraised at $37,500), which were the precise sums paid by Plaintiff for those pieces. TRAVELERS and STANDARD agreed to ensure the pieces for those specific amounts and listed them in the schedule of insured items. Said defendants adjusted the policy premium to reflect the value of those items according to the appraisals.

10.  In November 2017, Plaintiff again gave KAHN these African Art pieces to market and sell them. After a period of time, KAHN refused and failed to return the pieces but instead denied his possession of the pieces, falsely denying that he had possession. What KAHN did with the pieces is a mystery. They are nonetheless gone.

11.  In or about October 2020, Plaintiff timely submitted to defendants TRAVELERS and STANDARD a notice of claim under the Policy for the above-described losses. Said defendants took a recorded statement from Plaintiff and were provided voluminous documentation regarding the loss and its history by Plaintiff.

**COMPLAINT FOR DAMAGES and DECLARATORY RELIEF; DEMAND FOR JURY TRIAL**

12. In or about January 2021, TRAVELERS and STANDARD told Plaintiff that they would pay only a total of $15,000 for his claims, asserting that an Endorsement added during the Policy term required the insurers to pay only the "Actual Cash Value" of the pieces, not the "Agreed Value" for which they had in fact been insured and which Plaintiff had paid to purchase them. Said defendants claimed that they had determined that the market value was in fact only $15,000.

13. TRAVELERS and STANDARD have further denied that they are liable for the insured or agreed value of the pieces by reason of KAHN's fraud, theft and misappropriation of the pieces, and have denied that they were able to determine who has possession of the pieces.

14. Defendants were obligated to conduct a thorough investigation of Plaintiff's claim and to fully inquire into all possible bases that might support such claims. Defendants, without engaging in any legitimate and meaningful or thorough investigation and analysis of the policy and circumstances, refused to pay the reasonable and agreed value of Plaintiff's losses as required by the policy, and persist in asserting their erroneous coverage positions.

**FIRST CAUSE OF ACTION – BREACH OF CONTRACT**
(Against Defendants TRAVELERS, STANDARD and Does 1 to 10)

15. Plaintiff incorporates herein paragraphs 1 through 13 above as though set forth fully herein.

16. The Personal Articles Policy constitutes a written contract under which defendants agreed, in consideration of the premiums paid, to provide certain insurance benefits as above described.

17. Plaintiff has performed all acts required of it under the terms of said policy required by him to be performed precedent to receiving the benefits of said policy, excepting those terms and conditions that were waived or that defendants are estopped to rely upon as herein alleged.

18. Plaintiff has incurred substantial financial losses as a result of the above, including loss of covered items and damage to his interests therein, in a sum of not less than $317,500.

19. Defendants have breached and continue to breach their contractual obligations by refusing to pay amounts due under the Policy, in an amount not less than $317,500.

**COMPLAINT FOR DAMAGES and DECLARATORY RELIEF; DEMAND FOR JURY TRIAL**

20.	In doing or failing to do any act required by the policy, Plaintiffs acted in reasonable reliance upon defendants' acts and omissions, and their failure to inform Plaintiffs as above alleged. Defendants are therefore estopped to allege or assert that Plaintiffs failed to comply with any term or condition of the policy, and/or that the policy is terminated.

21.	As a direct and proximate result of the aforesaid breaches of contract, Plaintiff has been injured denied benefits provided under the policy, and damaged in an amount exceeding the jurisdictional minimum of this Court, and to be proven at trial, but not less than $317,500.

22.	As a direct and proximate cause of defendants' conduct, Plaintiffs have been required to employ legal counsel and has incurred other special damages and costs in an amount to be shown at time of trial.

23.	In doing the acts herein alleged, defendants have damaged Plaintiffs in an amount capable of being made certain by calculation. Plaintiffs' right to recover vested on a particular day and they are therefore entitled to recover prejudgment interest pursuant to *Civil Code* §3287, as well as interest after judgment at the maximum legal rate.

**SECOND CAUSE OF ACTION – BREACH OF DUTY
OF GOOD FAITH AND FAIR DEALING**
(Against Defendants TRAVELERS, STANDARD and Does 1 to 10)

24.	Plaintiff incorporates herein paragraphs 1 through 23 above as though set forth fully herein.

25.	 Engaging in the business of insurance in California imposes upon insurers the legal obligation to promptly conduct fair, balanced and thorough investigations of all bases of claims for benefits made by their insureds, with a view toward honoring the claims. As part of these obligations, an insurance company is obligated to diligently search for and consider evidence that supports coverage of the claimed loss, and in doing so must give at least as much consideration to the interests of its insured as it gives to its own interests.

26.	At all times herein mentioned, Plaintiff was owed a duty of good faith and fair dealing by Defendants. The contract between defendants and Plaintiff contains an implied covenant of good faith and fair dealing whereby defendants promised to act fairly, honestly and reasonably in performing the

terms and conditions of the contracts, and to refrain from doing any acts which would prevent or impede Plaintiffs from performing all conditions of the contract to be performed by them, or impede or prevent Plaintiffs' reception and enjoyment of the benefits of the contract.

27. In doing the acts herein alleged, defendants and each of them violated the implied covenant of good faith and fair dealing and their duty of good faith owed under the policy of insurance by doing, without good or sufficient cause, the following, among other things:

(a) unreasonably refusing and declining to pay losses and expenses without a reasonable basis, and in contradiction to governing law;

(b) deciding without a reasonable basis in fact or law, and for its own purposes and to serve its own desires, to take objectively unreasonable positions regarding the interpretation of the provisions of the Policy concerning the above-described losses and claims;

(c) unreasonably refusing to conduct a thorough investigation of Plaintiff's claims, ignoring evidence which supports coverage for the Agreed Value of the three pieces, and unreasonably failing to diligently search for and consider evidence that supports coverage of Plaintiff's claim;

(d) unreasonably engaging in a pattern and practice of failing to diligently search for and consider evidence that supports Agreed Value coverage of claims;

(e) misrepresenting coverage available under the Policy;

(f) unreasonably failing to apply the Policy's definitions and terms to determine whether Plaintiffs' claim was covered; and

(g) unreasonably compelling Plaintiff to litigate to obtain full benefits under the Policy; all in violation of accepted insurance industry customs, practices, standards, and its duties to Plaintiff

(h) failing to adopt and implement reasonable standards, or any standards, for prompt investigation and processing of claims arising under the policy without preconditions not expressly part of the policy;

(i) Not attempting in good faith to effectuate prompt, fair and equitable settlement of Plaintiff's claim;

**COMPLAINT FOR DAMAGES and DECLARATORY RELIEF; DEMAND FOR JURY TRIAL**

  (j) Knowingly and intentionally making false assertions as to the value of the insured pieces, and procuring an appraisal which falsely represented as the "market value" of the pieces an amount that would be paid by a dealing buying for resale on the art market.

  (k) Failing to offer a reasonable sum or to make a reasonable offer in settlement of Plaintiff's claims;

  (l) Placing its own interests ahead of the interests of the Plaintiffs as judgment creditors and beneficiaries of the policy and the duty of good faith and fair dealing under *Insurance Code* §11580(b)(2).

  28. Defendants did the things and committed the acts alleged above for the purpose of consciously withholding from Plaintiff the rights and benefits to which Plaintiff is entitled under the Policy, and without considering the interests of Plaintiff at least to the same extent as it did its own interests. Defendants' acts are inconsistent with the reasonable expectations of Plaintiff, are contrary to established norms, practices, standards of care and legal requirements related to insurance claims, are contrary to the express terms of the Policy, and constitute bad faith and a breach of the implied covenant of good faith and fair dealing.

  29. Defendant's conduct is and has been undertaken with a conscious disregard of Plaintiff's rights as beneficiary of the Policy.

  30. As a direct and proximate cause of said defendants' conduct and breach of duty, Plaintiffs have been and will be denied benefits provided under the policy, and have or will be damaged in an amount exceeding the jurisdictional minimum of this Court, to be proven at trial.

  31. As a direct and proximate result of said defendants' acts, including breach of the covenant of good faith and fair dealing, Plaintiff has suffered and continues to suffer anxiety, worry, anguish, humiliation, outrage, mental and emotional distress, physical injury and other special and general damages to be shown at time of trial, in an amount within the jurisdiction of this Court.

  32. As a direct and proximate cause of defendants' conduct, Plaintiff has been required to employ legal counsel to bring this action to recover sums due to Plaintiff under the policy and under California law and withheld by defendants in bad faith, and has incurred other special damages and costs in an amount to be shown at time of trial.

**COMPLAINT FOR DAMAGES and DECLARATORY RELIEF; DEMAND FOR JURY TRIAL**

33. In doing the aforementioned acts, defendants acted willfully, in conscious disregard of the rights of Plaintiff, their duties to Plaintiff and the probable injury to Plaintiff, and with fraud, malice and oppression as those terms are defined in *Civil Code* §3294. Defendants' conduct was intended to cause injury to Plaintiffs and was done in a willful, reckless or wanton disregard for the rights, duties and obligations of and owed to Plaintiff, and was carried on with a despicable, conscious, reckless disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive or exemplary damages in an amount appropriate to punish defendants and set an example for others.

34. The aforesaid acts of malice, fraud and oppression were approved, ratified and authorized by the managing agents, officers and directors of each of the corporate defendants herein after acquiring knowledge of those acts, and were done with the advance approval and authorization of the corporate defendants' managing agents, officers, directors and employees.

35. In doing the acts herein alleged, defendants have damaged Plaintiff in an amount capable of being made certain by calculation. Plaintiff's right to recover vested on a particular day and they are therefore entitled to recover prejudgment interest pursuant to *Civil Code* §3287, as well as interest after judgment at the maximum legal rate.

**THIRD CAUSE OF ACTION – DECLARATORY RELIEF**
(Against All Defendants)

36. Plaintiff incorporates herein paragraphs 1 through 35 above as though set forth fully herein.

37. There is now an actual controversy between Plaintiff and Defendants concerning their respective rights, duties and interests. Plaintiff contends that defendant KAHN took and has possession of the pieces, and converted them to his own use. Defendant KAHN denies having possession of the pieces, and claims that he returned them to Plaintiff. Defendants TRAVELERS and STANDARD deny knowledge as to possession or location of the pieces despite their duty to investigate and determine the disposition of the pieces for purposes of assessing coverage and loss under the pertinent provisions of the policy. Plaintiff contends that determination of loss and coverage, and benefits available under the Policy, requires a determination that KAHN has possession, or last had possession, of the pieces.

**COMPLAINT FOR DAMAGES and DECLARATORY RELIEF; DEMAND FOR JURY TRIAL**

38. A determination by this Court as to the possession, or last possession, of the pieces, and thus of the respective rights, duties, and interests in the pieces, and of obligations under the Policy, is necessary and proper to avoid further prejudice to Plaintiffs rights, and to avoid inconsistent adjudications. This controversy is of sufficient immediacy to justify the issuance of a declaratory judgment, which may terminate some or all of the existing and future controversy between the parties.

39. Plaintiff is entitled to a declaration as to the present or last possession of the pieces so that his rights and obligations with respect to the pieces and under the Policy, including but not limited to a judicial determination and declaration determining liability and coverage. Plaintiff desires a judicial declaration of their rights and interests, and a declaration in their favor, on the issues discussed above.

40. A judicial declaration at this time as to the rights and interests of the parties with respect to the claims herein, the disposition of the pieces, and Plaintiff's rights and duties under the policy so that Plaintiff may ascertain and enforce his rights, and enforce the duties and obligations of Defendants as to the policy and pieces, and to avoid a multiplicity of actions.

**WHEREFORE**, Plaintiff prays for judgment against defendants as follows:

1. For general, special and other damages according to proof at time of trial and within the jurisdiction of this Court;
2. For attorneys' fees and costs and expenses incurred in securing the benefits owed plaintiffs under the insurance policy issued by TRAVELERS and STANDARD;
3. For prejudgment interest pursuant to *Civil Code* §§3287, 3288 and 3291 and *C.C.P.* §998;
4. For punitive or exemplary damages in an amount to be shown at time of trial.
5. For a declaration as to the possession, last possession and/or conversion of the pieces, and as to rights, duties and interest of Plaintiff and Defendants KAHN, TRAVELERS and STANDARD with respect to the pieces and as to coverage under the TRAVELERS/STANDARD Policy;
6. For costs of suit;

- 9 -

**COMPLAINT FOR DAMAGES and DECLARATORY RELIEF; DEMAND FOR JURY TRIAL**

7. For such other and further relief as the Court deems just and proper.

Respectfully Submitted,

DATED: March 26, 2021        HERZOG, YUHAS, EHRLICH & ARDELL,
                             A Professional Corporation


By:_____
    Ian Herzog, Esq.
    Attorneys for Plaintiff
    MICHAEL SCHIFFMAN

**COMPLAINT FOR DAMAGES and DECLARATORY RELIEF; DEMAND FOR JURY TRIAL**

**DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands a trial by jury as to all causes of action.

DATED: March 26, 2021

HERZOG, YUHAS, EHRLICH & ARDELL,
A Professional Corporation

By: _____
Ian Herzog, Esq.
Attorneys for Plaintiff
MICHAEL SCHIFFMAN

COMPLAINT FOR DAMAGES and DECLARATORY RELIEF; DEMAND FOR JURY TRIAL