UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-5109 PA (SHKx) | Date | June 24, 2021 |
|---|---|---|---|
| Title | Michael Schiffman v. The Standard Fire Insurance Company, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant The Standard Insurance Company ("Removing Defendant"). Removing Defendant contends that this Court possesses diversity jurisdiction over the claims filed by plaintiff Michael Schiffman ("Plaintiff") against Removing Defendant and its codefendants The Travelers Companies, Inc. and Randy Khan ("Khan") based on the Court's diversity jurisdiction under 28 U.S.C. § 1332.

"Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress." See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

To invoke this Court's diversity jurisdiction, Removing Defendant must prove that (1) there is complete diversity of citizenship between the parties, and (2) the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. A natural person must be a citizen of the United States and be domiciled in a state to establish "state citizenship" for diversity purposes. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-5109 PA (SHKx) | Date | June 24, 2021 |
|---|---|---|---|
| Title | Michael Schiffman v. The Standard Fire Insurance Company, et al. | | |

Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

Here, Removing Defendant recognizes that the Complaint alleges that both Plaintiff and Khan are residents of California, but alleges that "[w]ithout admitting the validity of the allegation that Khan is a citizen of California, and for the reasons discussed herein, his citizenship should be disregarded for the purposes of determining jurisdiction . . . ." (Notice of Removal ¶ 11; see also ¶ 5 ("As alleged in the Complaint, Plaintiff is, and at all relevant times herein was, a citizen of Los Angeles County, California [Complaint, attached as Exhibit '1,' ¶ 1.]").) But Paragraph 1 of the Complaint only alleges that "Plaintiff . . . is and at all relevant times was a resident of the County of Los Angeles, State of California." (Id., Ex. 1, ¶ 1.) Because an individual is not necessarily domiciled where he or she resides, Removing Defendant's allegations concerning the citizenship of Plaintiff, based on an allegation of residence, are insufficient to establish Plaintiff's citizenship. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857. As a result, Removing Defendant's allegations related to Plaintiff's citizenship are insufficient to invoke this Court's diversity jurisdiction.

Even if Removing Defendant had properly alleged the citizenship of Plaintiff, Removing Defendant still would not have made a sufficient showing that there is fraudulent joinder in this case. There is an exception to the complete diversity rule for fraudulently joined or "sham defendants." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). A non-diverse defendant who has been fraudulently joined may be disregarded for diversity jurisdiction purposes. See Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009). Fraudulent joinder arises if a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See Morris, 236 F.3d at 1067.

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendants. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is any possibility that they

JS-6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-5109 PA (SHKx) | Date | June 24, 2021 |
|---|---|---|---|
| Title | Michael Schiffman v. The Standard Fire Insurance Company, et al. | | |

may do so." <u>Lieberman v. Meshkin, Mazandarani</u>, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" <u>Plute</u>, 141 F. Supp. 2d at 1008 (quoting <u>Dodson v. Spiliada</u>, 951 F.2d 40, 42–43 (5th Cir. 1992)). Further, "[a]ll doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand." <u>Id.</u>

"[A] defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." <u>Nation v. Bayer Healthcare Pharmaceuticals, Inc.</u>, CV 13-4689, 2013 WL 12144106, at *1 (C.D. Cal. Aug. 19, 2013). "Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency." <u>Id.</u> (quotations omitted).

Here, the Complaint asserts a claim for declaratory relief against all three defendants, and alleges:

> Plaintiff contends that defendant Kahn took and has possession of the pieces [of art that are the subject of the insurance claim at issue], and converted them to his own use. Defendant Kahn denies having possession of the pieces, and claims that he returned them to Plaintiff. . . . Plaintiff contends that determination of loss and coverage, and benefits available under the Policy, requires a determination that Kahn has possession, or last had possession, of the pieces.

(Compl. ¶ 37.) The Complaint seeks a "declaration as to the possession, last possession and/or conversion of the pieces, and as to rights, duties and interest of Plaintiff and Defendants KAHN, TRAVELERS and STANDARD with respect to the pieces and as to coverage under the TRAVELERS/STANDARD Policy." (<u>Id.</u>, 9:23-26.) In the Notice of Removal, Removing Defendant asserts that Kahn is fraudulently joined because "[t]here is no liability sought against Khan in connection with the declaratory relief being sought; the actual controversy as pled is not with Khan, it is with Standard Fire." (Notice of Removal, ¶ 18.) Although Plaintiff may not seek "liability" against Kahn in his Complaint, he does seek declaratory relief from him. Even if, as Removing Defendant suggests, obtaining declaratory relief from Kahn may not be necessary for him to prevail on his claims against Removing Defendant, that alone does not

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-5109 PA (SHKx) | Date | June 24, 2021 |
|---|---|---|---|
| Title | Michael Schiffman v. The Standard Fire Insurance Company, et al. | | |

establish fraudulent joinder. Instead, the Complaint states a claim for declaratory judgment against what appears to be a non-diverse defendant.

Removing Defendant also asserts that, "while the declaratory relief claim against Khan suggests that Khan could be pursued for conversion and/or fraud, the statute of limitations for such claims have passed." (Id. ¶ 20.) Although the Complaint does allege that "In or about October 2017, Plaintiff asked Kahn to return possession of the pieces to Plaintiff," and that would be outside the statute of limitations, the Complaint's next paragraph alleges: "In November 2017, Plaintiff again gave Kahn these African Art pieces to market and sell them. After a period of time, Kahn refused and failed to return the pieces but instead denied his possession of the pieces, falsely denying that he had possession. What Kahn did with the pieces is a mystery. They are nonetheless gone." (Id. ¶¶ 9 & 10.) Because the Complaint does not allege when Kahn refused to return the pieces the second time Plaintiff gave them to Kahn, the Complaint does not, as Removing Defendant contends, establish that a claim for conversion is necessarily barred by the applicable statute of limitations.

If there is "a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants[,] the court must remand." Mireles v. Wells Fargo Bank, N.A., 845 F. Supp. 2d 1034, 1062 (C.D. Cal. 2012) (quoting Macey v. Allstate Property & Cas. Ins. Co., 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002)) (brackets in original). The Court finds the Removing Defendant has not met the "heavy burden of persuasion" that there is no possibility that Plaintiff may prevail on the declaratory relief claim against Kahn. See Plute, 141 F. Supp. 2d at 1008. Nor can the Court conclude, on this record, that Plaintiff would not be afforded leave to amend his Complaint to state a viable claim against Kahn. See Padilla, 697 F. Supp. 2d at 1159. The Court therefore finds that Removing Defendant has failed to meet its burden to establish that Kahn has been fraudulently joined and, as a result, this Court cannot ignore his citizenship for purposes of assessing the propriety of Removing Defendant's Notice of Removal. Because Removing Defendant has not established that Plaintiff and Kahn are diverse, Removing Defendant has failed to establish that "complete diversity" exists between Plaintiff and all defendants, and, as a result, has failed to establish the Court's diversity jurisdiction.

For the reasons stated above, Removing Defendant has failed to establish that the Court possesses diversity jurisdiction over this action. Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. 21STCV11873, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.